## Dobrosky v. Phillips

*Smith, Smith & Zehner*, for plaintiffs.
*Lee L. Leonard*, for defendant.

THOMPSON, J., August 14, 1958.—The briefs in this case have been mailed to us while on vacation. We find ourselves unable to make a proper final determination of the issues involved in the present state of the record. Since relief is rather urgently needed, we are indicating our view of the situation.

After reading the following advertisement in the daily paper: Laurel Gardens. Block off Babcock Boulevard. Lots 50 x 125, sewered; utilities; reasonable. Perrysville 4-7539", plaintiffs saw defendant, the owner of the lots, and purchased a lot for $650, and by working personally, and not letting a general contract, after a period of two years erected a dwelling house thereon at a cost of $12,000. The lot was a hillside lot on an ungraded unpaved street. Water was secured

from a neighbor on the upper side of the street on a temporary arrangement. The lot was overgrown with weeds. When the house was completed it was discovered that municipal water was not available.

The main issue in the case involves the construction of the word "Utilities". Plaintiff contends that it includes water supplied from a municipal source. Defendant contends that it does not include a water supply, and denies that the advertisement was relied upon in making the purchase.

Without at present discussing the evidence, we have concluded that in this case it meant a supply of water available to plaintiffs either in the street or somewhere on the premises. It is not disputed that no supply of water is available. We have also concluded that access to water was relied upon in making the purchase.

What is the measure of damages?

We have determined that equity has jurisdiction, but do not discuss this important question now. It is our opinion that the measure of damages is the difference between the market value of the lot at the time of the purchase and the sum paid by plaintiffs, to wit, $650. If the market value of a lot on a street which was ungraded and not supplied with utilities and unimproved was $100, the measure of damages would be $550.

The parties have been unable to induce the municipal authorities to construct a water line on this street. Drilling a well upon the lot is the only present prospect of securing water. In view of the reluctance of the public authorities to supply water, plaintiff contends that the measure of damages is the cost of such drilling or $750. We do not believe that this is the correct measure of damages. There is nothing in the record to indicate the market value of the lot without utilities.

We have concluded that the taking of testimony should be reopened in order to afford plaintiff an opportunity of producing evidence of the market value of this lot at the time of purchase without utilities. When this is done we can file an adjudication, including findings of fact and discussion and decree.

### Order

And now, to wit, August 14, 1958, it is ordered that the taking of testimony in the above entitled proceeding be reopened for the purpose of producing evidence of the market value of the lot purchased by plaintiffs at the time when it was purchased and under the circumstances which then existed.